IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CARLOS DEANDRA JONES, (TDCJ-CID #01714475) | § § § § |
| Petitioner, | § § |
| VS. | § CIVIL ACTION NO. H-14-3176 |
| WILLIAM STEPHENS, | § § § |
| Respondent. | § |

**MEMORANDUM AND OPINION**

Petitioner, Carlos Deandra Jones, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a disciplinary conviction at the Ferguson Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). He is currently serving a conviction imposed by a state court in Tarrant County, Texas. Respondent filed a motion for summary judgment, (Docket Entry No. 7). Jones has filed his response. (Docket Entry No. 21). Based on careful consideration of the pleadings; the motion and response; the record; and the applicable law, this court grants respondent's motion and, by separate order, enters final judgment.

**I.      Background**

In support of his Motion for Summary Judgment, respondent provides the following documents: (A) TDCJ-CID computer records concerning Jones's conviction; (B) Affidavit of Lisa Miller with prison disciplinary records for Case Number 20140264780; and (C) Affidavit of Kelli

Ward with Jones's grievance records regarding the disciplinary hearing. Respondent also provides an audio CD recording of the hearing in disciplinary case 20140264780. (Docket Entry No. 9).

On May 30, 2014, prison officials at the Ferguson Unit conducted a disciplinary hearing in disciplinary case 20140264780. The hearing officer found Jones guilty of possessing a cell phone. (Docket Entry No. 8-2, Disciplinary Hearing Record, p. 3). Jones's punishment consisted of a loss of commissary privileges for forty-five days; cell restriction for forty-five days; placement in solitary confinement for fifteen days; a reduction in good-time earning class from State Approved Trusty ("SAT") S4 to L2; and a loss of 300 days of good time credit.

Jones filed a Step One Grievance on June 2, 2014, which was denied on June 11, 2014. (Docket Entry No. 8-1, Disciplinary Grievance Record, pp. 3-4). Jones filed a Step Two Grievance on June 16, 2014, which was denied on June 23, 2014. (*Id.* at 5-6).

On November 5, 2014, this court received Jones's federal petition. Jones contends that his conviction in disciplinary case 20140264780 is void for the following reasons:

(1) The disciplinary hearing officer violated his right to due process by failing to present some evidence of guilt or comply with prison rules and procedures, and the charging officer failed to prove that Jones possessed the cell phone;

(2) Prison officials violated his right to due process by forcing him to give up his rights and by depriving him of proper assistance of counsel; and

(3) The forfeiture of good time credits means that he will suffer additional punishment by being denied parole because of lost good time, thereby placing him in double jeopardy for the same offense.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 6-7).

The threshold issue is whether Jones has stated meritorious grounds for federal habeas relief. This court finds that he has not, and this petition should be dismissed.

## II.   Analysis

In *Wolff v. McDonnell,* 418 U.S. 539, 563-66 (1974), the Supreme Court held that the standards governing disciplinary proceedings depended on the sanction imposed and the consequences. A prisoner punished by solitary confinement and loss of good-time credits is entitled to: (1) written notice of the charges against him at least twenty-four hours before the hearing; (2) a written statement of the fact finders as to the evidence relied on and the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case. When the punishment has no effect on parole, such as a short period of administrative segregation, an inmate is entitled to notice and an opportunity to present a statement in an informal nonadversary evidentiary review. *Hewitt v. Helms,* 459 U.S. 460 (1983); *Walker v. Navarro Cnty. Jail,* 4 F.3d 410, 412 (5th Cir. 1993).

In *Sandin v. Conner,* 515 U.S. 472 (1995), the Supreme Court followed its prior decision in *Wolff,* holding that a state may, under certain circumstances, create liberty interests applicable to prisoners, protected by the Due Process Clause. Such interests are generally limited to state-created regulations or statutes that affect the quantity, rather than the quality, of time a prisoner serves. The Due Process Clause does not protect against every change in the conditions of confinement that has a substantial adverse effect upon a prisoner. *Id.* at 478. A prisoner's loss of good-time credits as a result of a disciplinary conviction, which increases the sentence that would otherwise have resulted from state laws providing mandatory sentence reductions for good behavior, must be accompanied

by certain procedural safeguards to satisfy due process. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

As noted, Jones's punishment consisted of a loss of commissary privileges for forty-five days; cell restriction for forty-five days; placement in solitary confinement for fifteen days; a reduction in good-time earning class from State Approved Trusty ("SAT") S4 to L2; and a loss of 300 days of good time credit. To the extent that Jones attempts to assert a claim of a denial of due process based on cell restriction and the loss of commissary privileges, his claims are barred by *Sandin*. In *Sandin*, a prisoner was placed in disciplinary segregation for thirty days, but received no discipline that inevitably affected the duration of his sentence. The Court held that such sanctions did not require the procedural protections set out in *Wolff* and *Hewitt*. In this case, the punishments that Jones received are not the types of "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484, 486 n.9. The punishment changed the conditions of Jones's confinement, but did not give rise to a due process claim. *Madison*, 104 F.3d at 767-68.

Jones may argue that as a result of the guilty finding in the disciplinary case, the Texas Board of Pardons and Paroles ("Board") will delay considering his eligibility for release on parole. Prisoners may become eligible for release under Texas law on parole or under a mandatory supervised release program. *See Madison*, 104 F.3d at 768. "Parole" is the "discretionary and conditional release of an eligible prisoner . . . [who] may serve the remainder of his sentence under the supervision and control of the pardons and paroles division." *Id.* "Mandatory supervision" is the "release of an eligible prisoner . . . so that the prisoner may serve the remainder of his sentence not on parole, but under the supervision and control of the pardons and paroles division." *Id.*

Jones has no constitutional right to parole. *Orellana v. Kyle,* 65 F.3d 29, 32 (5th Cir. 1995). The Fifth Circuit has expressly held that there is no constitutional expectancy of parole in Texas, *Creel v. Keene,* 928 F.2d 707 (5th Cir. 1991), and no right to be released on parole. *Madison,* 104 F.3d at 768 (citing TEX. CODE CRIM. P. ANN. art. 42.18, § 8(a)).[1] Because a prisoner has "no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Allison v. Kyle,* 66 F.3d 71, 73-74 (5th Cir. 1995)(citing *Orellana,* 65 F.3d at 32). Any argument by Jones that he is entitled to be considered for release on parole at a particular time lacks merit.

Jones may argue that if he had remained at the good time earning status of SAT 4, rather than L2, he would have had an opportunity to earn good time credits that might have led to an earlier release on parole. Jones did not lose accrued or earned good conduct time as a result of the reduction in class status. Rather, his ability to earn good time credits was curtailed. Jones's diminished ability to earn good time credits, without more, does not rise to a deprivation of a constitutionally cognizable liberty interest. *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied,* 517 U.S. 1196 (1996)("the mere opportunity to earn good-time credits" does not constitute a "constitutionally cognizable liberty interest sufficient to trigger the protection of the due process clause").

Jones complains of the delay in his release to mandatory supervision. Jones is eligible for release to mandatory supervision for his sentence for possession of a controlled substance, one to four grams of cocaine. (Docket Entry No. 6-1, Respondent's Motion for Summary Judgment, Ex.

---

[1] The Fifth Circuit has repeatedly rejected efforts by Texas prisoners to assert a constitutionally-protected interest arising out of state parole statutes. *See Madison v. Parker,* 104 F.3d at 768; *Allison v. Kyle,* 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle,* 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied,* 116 S. Ct. 736 (1996); *Gilbertson v. Tex. Bd. of Pardons and Paroles,* 993 F.2d 74, 75 (5th Cir. 1993); *Creel v. Keene,* 928 F.2d 707, 709-12 (5th Cir. 1991), *cert. denied,* 501 U.S. 1210 (1991).

A, p. 2). Jones lost 300 days of good-time credits. The Texas mandatory supervision statute provides that "a parole panel shall order the release of an inmate who is not on parole to mandatory supervision when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." TEX. GOV'T CODE ANN. § 508.147(a) (West Supp. 2013). However,

> (b) An inmate may not be released to mandatory supervision if a parole panel determines that:
> (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and
> (2) the inmate's release would endanger the public.
> (c) A parole panel that makes a determination under Subsection (b) shall specify in writing the reasons for the determination.

*Id.* § 508.149(b)-(c).

A habeas corpus applicant under 28 U.S.C. § 2254 must claim a violation of a federal constitutional right to be entitled to relief. *Narvaiz v. Johnson,* 134 F.3d 688, 695 (5th Cir. 1998). A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex,* 442 U.S. 1, 7 (1979). Thus, any protected liberty interest to release prior to expiration of a petitioner's sentence must arise from state law. The Fifth Circuit has held that Texas's mandatory supervision scheme does create a constitutional expectancy of early release for eligible inmates and, as such, a protected liberty interest entitling an inmate to minimum due process protection. *See Teague v. Quarterman,* 482 F.3d 769, 776–77 (5th Cir. 2007); *Malchi v. Thaler,* 211 F.3d 953, 957–58 (5th Cir. 2000) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)); *Ex parte Geiken,* 28 S.W.3d 553, 558–60 (Tex. Crim. App. 2000).

Jones has a constitutional expectancy of early release. This court considers whether Jones received the due process required by *Wolff*.

**III.    The *Wolff* Due Process Requirements**

The summary judgment evidence shows that on May 16, 2014, Officer Amisi charged Jones with possessing a cell phone. (Docket Entry No. 8-2, Disciplinary Hearing Record, p. 3). The offense report states that on May 14, 2014, Jones possessed a cell phone in his cell.

Jones elected to have a counsel substitute represent him. (*Id.* at 9). The counsel substitute, L. Larston, interviewed Jones on May 16, 2014. Jones stated that the cell phone belonged to his cell mate.

Captain Jennings conducted the disciplinary hearing on May 30, 2014. (*Id.* at 3). Counsel substitute Larston represented Jones at the hearing. Jones was present during the entire hearing.

In finding Jones guilty of the charged offense, Captain Jennings considered the officer's report, the charging officer's testimony, and Captain Pittcock's testimony. Captain Jennings imposed the punishment due to the serious nature of the offense. Jones could not sign the disciplinary hearing report to acknowledge that he had received a copy of the final report, because he was in restraints. (*Id.* at 3).

Jones had notice of the charges and the opportunity to make a statement at the hearing. Jones was able to question the charging officer as well as Captain Pittcock. The record reflects that counsel substitute investigated and presented the results of that investigation in the disciplinary hearing. Jones received a written statement by the fact finder of the evidence and the reason for the disciplinary action. Jones has not shown a due process violation that would support the relief he seeks. *See Wolff*, 418 U.S. at 563-66. His claim is without merit.

## IV. The Remaining Due Process Claims

Jones also complains of other due process violations during the disciplinary hearing. In ground 1, Jones complains that the evidence was insufficient to support the hearing officer's finding of guilt. The record does not support this claim.

In reviewing a prison disciplinary decision, "the standard to be applied is whether or not actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion." *Smith v. Rabalais*, 659 F.2d 539, 545 (1981)(citing *Thomas v. Estelle,* 603 F.2d 488, 490 (5th Cir. 1979)). "The findings of a prison disciplinary hearing will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). "[T]he requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board to revoke good time credits." *Superintendent v. Hill,* 472 U.S. 445, 455 (1985). As the Supreme Court has explained:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. We decline to adopt a more stringent evidentiary standard as a constitutional requirement. Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.

*Id.* at 455-56; *accord Sweeney v. Parke,* 113 F.3d 716, 720 (7th Cir. 1997); *Gibbs v. King,* 779 F.2d 1040, 1044 (5th Cir.), *cert. denied,* 476 U.S. 1117 (1986). If there are "some facts" or "any evidence at all" that supports the action taken by prison officials, the decision must be upheld on federal habeas review. *See Banuelos,* 41 F.3d at 234; *Gibbs,* 779 F.2d at 1044; *Smith,* 659 F.2d at 545; *see also Black v. Warren,* 134 F.3d at 734 (5th Cir. 1998); *Sweeney,* 113 F.3d 732, 734 (5th Cir. 1998). As the Fifth Circuit observed:

> the federal courts cannot retry every prison disciplinary dispute; rather, the court may act only where arbitrary or capricious action is shown. This means that prison disciplinary proceedings will be overturned only where there is no evidence whatsoever to support the decision of the prison officials. A de novo factual review is not required.

*Reeves v. Pettcox,* 19 F.3d 1060, 1062 (5th Cir. 1994)(citing *Smith,* 659 F.2d at 545); *accord Banuelos,* 41 F.3d at 234; *Stewart v. Thigpen,* 730 F.2d 1002, 1005-06 (5th Cir. 1984).

Applying this standard defeats Jones's complaint of insufficient evidence. Jones testified that the cell phone was found on his cell mate's bunk. Jones denied ownership of the cell phone. Officer Amisi testified that the cell phone was found in Jones's cell. Captain Pittcock testified that the cell phone was found on the bunk of Jones's cell mate. Both Jones and his cell mate were standing, and the cell phone was found within reach of both Jones and his cell mate. Both Jones and his cell mate denied ownership of the cell phone. Captain Jennings explained that because neither Jones nor his cell mate was willing to admit ownership of the cell phone, both would be punished because the cell phone was found in their joint cell.

Jones was present at the hearing, with counsel substitute, who questioned the charging officer. Jones was able to present his account of events. The hearing officer found Jones guilty

based on the charging officer's report, the charging officer's live testimony, and the testimony of Captain Pittcock.

Jones has not shown that the disciplinary hearing officer acted arbitrarily or capriciously. There was evidence to support the hearing officer's finding of guilt. Jones's claims based on insufficiency of the evidence fail on federal habeas review.

In a related claim, Jones alleges that prison rules required the disciplinary hearing officer to give reasons for his finding of guilt. Jones complains that Captain Jennings credited the testimony of the charging officer and Captain Pittcock while discounting Jones's account of events.

Fifth Circuit case law is clear that a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met. *Giovanni v. Lynn,* 48 F.3d 908, 912-13 (5th Cir.), *cert. denied,* 516 U.S. 860 (1995); *Murphy v. Collins,* 26 F.3d 541, 543 (5th Cir. 1994). As previously discussed, some evidence supported Captain Jennings's finding of guilt. Even assuming that Captain Jennings violated TDCJ-CID regulations, Jones has failed to establish a violation of a constitutional right. Jones has not shown that any errors during his disciplinary hearing amount to a constitutional due process violation.

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Christopher Village, L.P. v. Retsinas,* 190 F.3d 310, 314 (5th Cir. 1999). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The pleadings and prison records show that Jones's federal petition fails to state a ground for habeas relief.

Jones is not entitled to habeas relief on the claims he raises in this case.

## V. Exhaustion and Procedural Bar

In his motion for summary judgment, Respondent argues that Jones did not fully exhaust his administrative remedies regarding claims two and three and that he is now procedurally barred from doing so. (Docket Entry No. 7, Respondent's Motion for Summary Judgment, pp. 6-9). Before a federal court can grant an application for writ of habeas corpus, an applicant must have exhausted the remedies available in the courts of the state. 28 U.S.C. § 2254(b)(1). "To exhaust available state remedies, a habeas petitioner must fairly apprise the highest court of his state of the federal rights which were allegedly violated." *Shute v. State of Texas,* 117 F.3d 233, 237 (5th Cir. 1997) (internal quotations omitted). But, because Texas state courts do not review claims of lost good time or other results of prison disciplinary proceedings, a petitioner is required to pursue his claims through the administrative appeals process rather than state court. *Ex Parte Palomo,* 759 S.W.2d 671, 674 (Tex. Crim. App. 1988); *Ex parte Brager,* 704 S.W.2d 46 (Tex. Crim. App. 1985). The exhaustion requirement is mandatory and the administrative grievance procedure must be completed before a prisoner can file a lawsuit in federal court. *Underwood v. Wilson,* 151 F.3d 292 (5th Cir. 1998).

In addition, a federal court is barred from reviewing a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent and adequate to support the judgment. *Coleman v. Thompson,* 501 U.S. 722, 729 (1991). In order to overcome the procedural bar, a petitioner must show either cause and prejudice for the error, or that failure to hear the claims would result in a miscarriage of justice. *Sawyer v. Whitley,* 505 U.S. 333, 338–339 (1992). In order to show a "miscarriage of justice," the petitioner must show that it is more likely

than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Schlup v. Delo,* 513 U.S. 298, 327 (1995).

The Fifth Circuit has not addressed the applicability of the procedural bar to habeas cases involving prison disciplinary cases. However, the Seventh Circuit has held that the final reviewing authority in the prison grievance process is the administrative equivalent to the state's highest court and that habeas claims based on disciplinary cases could be procedurally defaulted in the absence of cause and prejudice. *Moffat v. Broyles,* 288 F.3d 978, 981–982 (7th Cir. 2002). At least one Texas district court has adopted the reasoning in a published opinion. *Moffatt v. Director,* 390 F. Supp.2d 560, 562–563 (E.D. Tex. 2005). In the absence of authority to the contrary, the reasoning of those cases will be applied here.

Jones did not present claims 2 and 3 in his administrative grievances. Jones cannot now raise these claims because the period for filing a grievance has expired. Because Jones did not raise his constitutional claims through the TDCJ's administrative grievance process before the grievable period expired, and does not allege cause and prejudice for the failure to exhaust or that refusal to hear his claims would result in a miscarriage of justice, Jones's second and third claims are unexhausted and procedurally barred.

## VI. Conclusion

Respondent's Motion for Summary Judgment, (Docket Entry No. 7), is GRANTED. Jones's petition for a writ of habeas corpus is DENIED. This case is DISMISSED. Jones's motion for partial summary judgment, (Docket Entry No. 22), and motion for discovery, (Docket Entry No. 18), are DENIED as moot. Any remaining pending motions are DENIED as moot.

The Supreme Court has stated that the showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). Under that standard, an applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack,* 529 U.S. 484.

This court denies Jones's petition after careful consideration of the merits of his constitutional claims. This court denies a COA because Jones has not made the necessary showing for issuance.

SIGNED at Houston, Texas, on JULY 20, 2015.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE